UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JUSTIN EADS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 1:14-cv-1169-TWP-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY CONCERNING PENDING MOTIONS**

This matter is before the Court on Petitioner Christopher Justin Eads ("Eads") Motion to Supplement [Dkt. 26], Motion to Proceed on Appeal in Forma Pauperis [Dkt. 28] and Motion for Order of Transcript Information Sheet [Dkt. 34]. The Court will address each motion in turn.

**I.**

Eads first motion asks the court to allow him to supplement his memorandum in support of his petition for relief under 28 U.S.C. § 2255. However, on May, 17, 2017 the Court issued an Order denying Eads § 2255 petition and entered final judgment on that same date. [Dkt. 22 and 23]. Eads motion to supplement his § 2255 petition with additional "corroborating evidence in support of his ineffective assistance of counsel claims," was filed on May 30, 2017. The Motion to Supplement [Dkt. 26] is **denied** because the action is closed and, more importantly, the Court gave comprehensive consideration to Eads' arguments that he had been denied the effective assistance of counsel.

**II.**

On June 8, 2017, Eads filed a motion seeking leave to proceed on appeal without prepayment of the appellate fees of $455.00. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v.*

*United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id.*

Eads contends that the district court erred when it appointed standby counsel and failed to consider or address his conflict issues with standby counsel. He further alleges "the district court applied incorrect rule of law" and, his ineffective assistance claims were substantial. Eads has failed to present an objectively reasonable argument that the disposition of his §2255 motion was erroneous. In pursuing an appeal, therefore, Eads "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Accordingly, his appeal is not taken in good faith, and his request for leave to proceed on appeal *in forma pauperis* [Dkt. 28] is **denied.**

### III.

Finally**,** Eads Motion for Order of Transcript Information Sheet [Dkt. 34] is **denied as moot** because the Court **designates** the entire record in this action and in the underlying criminal record as the record on appeal.

SO ORDERED.

Date: 7/11/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

CHRISTOPHER JUSTIN EADS
10391-028
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734